United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 17, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-30464
Conference Calendar

_____

LAMONTE MATHEWS,

Plaintiff-Appellant,

versus

RICHARD STALDER, Secretary; BURL N. CAIN; DONALD BARR; DOUG
DURRET; HOWARD PRINCE; LESLIE DUPONT; DARREL VANNOY; STATE OF
LOUISIANA,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:04-CV-175-B
--------------------

Before KING, Chief Judge, and DeMOSS and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Lamonte Mathews, Louisiana prisoner number 120891, has filed

a motion for leave to proceed on appeal in forma pauperis ("IFP")

following the district court's order dismissing his 42 U.S.C.

§ 1983 civil rights action for failure to exhaust administrative

remedies.  By moving for IFP, Mathews is challenging the district

court's certification that IFP status should not be granted

because the appeal is not taken in good faith.  See Baugh v.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Taylor, 117 F.3d 197, 202 (5th Cir. 1997). Mathews's IFP "motion must be directed solely to the trial court's reasons for the certification decision." Id.

Mathews has briefed the merits of his civil rights claims only. Although this court liberally construes pro se briefs, see Haines v. Kerner, 404 U.S. 519, 520-21 (1972), the court requires arguments to be briefed in order to be preserved. Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993). Because Mathews does not provide any analysis of the reasons for the district court's certification decision, he has abandoned the issue on appeal. See id.

Mathews has not shown that the district court erred in certifying that an appeal would not be taken in good faith. Accordingly, we uphold the district court's order certifying that the appeal presents no nonfrivolous issues. Mathews's request for IFP status is DENIED, and his appeal is DISMISSED as frivolous. See Baugh, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2.

The dismissal of this appeal counts as a strike under 28 U.S.C. § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 385-87 (5th Cir. 1996). We caution Mathews that once he accumulates three strikes, he may not proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

IFP MOTION DENIED; APPEAL DISMISSED; SANCTION WARNING
ISSUED.