United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 24, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 06-30165
Conference Calendar

LAMONT J. MATHEWS,

Plaintiff-Appellant,

versus

RICHARD STALDER; BURL CAIN; DONALD BARR; DOUG DURRET; HOWARD
PRINCE; LESLIE DUPONT; YUSUF ABDULLAH; STATE OF LOUISIANA,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:05-CV-1082
--------------------

Before JOLLY, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

Lamont J. Mathews, Louisiana prisoner # 120891, has filed a
motion for leave to proceed on appeal in forma pauperis (IFP)
following the district court's order dismissing his 42 U.S.C.
§ 1983 civil rights action in part for failure to exhaust
administrative remedies and in part for failure to state a claim
upon which relief may be granted. See 42 U.S.C. § 1997e;
28 U.S.C. § 1915(e)(2)(B)(ii). By moving for IFP, Mathews is
challenging the district court's certification that IFP status

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

should not be granted because the appeal is not taken in good faith.  See Baugh v. Taylor, 117 F.3d 197, 202 (5th Cir. 1997).  Mathews's IFP "motion must be directed solely to the trial court's reasons for the certification decision."  See id.

Mathews has briefed the merits of his First Amendment, denial of access to the courts, and retaliation claims only, and he has not shown that there is a nonfrivolous issue with respect to the district court's determination that those claims were unexhausted and with respect to the district court's determination that Mathews's liberty interests were not infringed in a prison disciplinary proceeding that resulted in a change in his custody classification only.  Although pro se briefs are afforded liberal construction, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), even pro se litigants must brief arguments in order to preserve them.  Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993).  Because Mathews has not directed his motion to the reasons for the certification decision, he has effectively waived the only issues that are relevant to his motion for IFP status on appeal.  See id.

Mathews moved the district court for appointment of counsel.  Mathews contends that the district court erred in dismissing the complaint without ruling on the motion, and he has moved this court for appointment of counsel.  Mathews has not shown that this case presents exceptional circumstances requiring

appointment of counsel.  See <u>Cupit v. Jones</u>, 835 F.2d 82, 96 (5th Cir. 1987).

Mathews's request for IFP status is denied, and his appeal is dismissed as frivolous.  See <u>Baugh</u>, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2.  The dismissal of this appeal as frivolous counts as a strike under 28 U.S.C. § 1915(g).  See <u>Adepegba v. Hammons</u>, 103 F.3d 383, 388 (5th Cir. 1996).  Mathews has at least one prior strike.  See <u>Mathews v. Stalder</u>, 115 F. App'x 300 (5th Cir. 2004).  We caution Mathews that, once he accumulates three strikes, he may not proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  See § 1915(g).

IFP DENIED; APPEAL DISMISSED; SANCTION WARNING ISSUED; MOTION FOR APPOINTMENT OF COUNSEL DENIED.